IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ANDREW M. ORR** | * | |
| **&** | * | |
| **LORI A. ORR** | * | |
| *Plaintiffs*, | * | **COMPLAINT** |
| v. | * | |
| **KEYSTONE RV COMPANY** | * | |
| Please Serve:<br>**CT Corporation System,<br>Registered Agent<br>1200 South Pine Island Road<br>Plantation, Florida 33324** | * | Case No. _____ |
| **CAMPING WORLD RV SALES, LLC** | * | |
| Please Serve:<br>**CT Corporation System,<br>Registered Agent<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060-3808** | * | |
| *Defendants.* | * | |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiffs Andrew M. Orr and Lori A. Orr, and move the Court for judgment against Defendants Keystone RV Company (hereinafter *"Keystone"*) and Camping World RV Sales, LLC (hereinafter "Camping World") on the basis of the following facts and law:

{3653 / 000}

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiffs assert a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331(a), as the Plaintiffs are citizens of Virginia residing in Loudoun County, Virginia, Keystone RV Company is a corporation organized under the laws of Minnesota with a principal place of business in Lincolnshire, Illinois. The amount in controversy exceeds $75,000.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On September 09, 2022 Plaintiffs Mr. and Mrs. Orr bought a 2022 Keystone Montana 3791RD camper van, Vehicle Identification Number #4YDFM0T26N4702400. The total delivered price was $125,654.32. The subject camper was purchased at Camping World RV Sales, LLC – Ashland, Virginia, an authorized sales, warranty service and repair agent of the Defendant, Keystone RV Company.

{3653 / 000}

5. The 2022 Keystone Montana Model 3791RD that is the subject of this Complaint was sold by Defendant Camping World RV Sales, LLC. The camper came with a one-year Limited Base Warranty and Limited Three-Year Structural Warranty issued by Keystone RV Company which covered the new camper against defects in materials and workmanship, and by operation of law included an implied warranty of merchantability. Defendant Camping World RV Sales, LLC sold the Plaintiffs a service contract. By operation of law Defendant Camping World RV Sales, LLC provided the Plaintiff an implied warranty of merchantability.

6. The Plaintiff's camper has been the subject of multiple repair attempts to fix warranty defects. The subject camper was taken to McGeorge's Camping World RV Sales - Ashland, an authorized warranty service and repair agent of Defendant Keystone RV Camper on November 14, 2022 and has remained in the repair facility ever since. Five repair orders have been issued since the Plaintiffs Mr. and Mrs. Orr took their camper to the repair facility. These are dated November 14, 2022, November 29, 2022, December 06, 2022, January 18, 2023, and March 14, 2023.

7. On November 14, 2022, Plaintiffs Mr. and Mrs. Orr took the subject camper to McGeorge's Camping World RV Sales - Ashland. The Plaintiffs communicated numerous warranty defects to the attention of the technicians including: water damage to the flooring, bathroom, ceiling and side panels which caused warping, cracks and bubbles; incorrect, crooked, and unlevelled installation of the windows, blinds, bed slide, and kitchen slide; a front door that would not adequately close due to misplaced screws; incorrectly installed wiring that left the

awning disconnected from the motor and would cause the stove burner to switch from electricity to gas automatically; an incorrectly installed plumbing system that would cause the *"black water"* or dirty used water to leak after use; no switch was installed or attached to the front camper LEDs; and an incorrectly installed *"televator"* system. In total, forty-three problems were brought to the attention of technicians of McGeorge's Camping World RV Sales – Ashland. These complaints were to be addressed in later work orders as the technicians at McGeorge's Camping World RV - Ashland were unsuccessful in their repair attempts.

8. On November 29, 2022, technicians at McGeorge's Camping World RV Sales - Ashland attempted to repair the *"televator cable,"* however the television itself was damaged by the technician team. No successful repair attempt was made.

9. On December 06, 2022, a third repair order was issued by the technicians at McGeorge's Camping World RV Sales – Ashland. This repair order stated that the technicians *"need[ed] to replace TV."* The new television had not yet arrived, and no successful repair attempts were made.

10. On January 18, 2023, technicians addressed many of the same problems as listed in the November 14, 2022, November 29, 2022, and December 06, 2022 repair orders. These included: continuing issues with water damage to the flooring, bathroom, ceiling and side panels which caused warping, cracks and bubbles; incorrect, crooked, and unlevelled installation of the windows, blinds, bed slide, and kitchen slide; a front door that would not adequately close due to misplaced screws; incorrectly installed wiring that left the awning disconnected

from the motor and would cause the stove burner to switch from electricity to gas automatically; no switch installed or attached to the front camper LEDs; and a necessary television replacement after breaking the appliance in attempt to repair the *"televator"* system. In total forty-four problems were brought to the attention of technicians at McGeorge's Camping World RV Sales - Ashland. Many of these repairs would be transferred to the next repair attempt made on March 14, 2023 as the technicians at McGeorge's Camping World RV Sales – Ashland were unable to correct the subject camper's warranty defects.

11. On March 14, 2023, the technicians continued attempted repair of the extended work orders from repair attempts made previously on November 14, 2022, November 29, 2022, December 06, 2022, and January 18, 2023. These included: continuing issues with water damage to the flooring, bathroom, ceiling and side panels which caused warping, cracks and bubbles; incorrect, crooked, and unlevelled installation of the windows, blinds, bed slide, and kitchen slide; a front door that would not adequately close due to misplaced screws; incorrectly installed wiring that left the awning disconnected from the motor and would cause the stove burner to switch from electricity to gas automatically; no switch was installed or attached to the front camper LEDs; and a necessary television replacement after breaking the appliance in attempt to repair the *"televator"* system. In total sixteen problems were brought to the attention of the technicians at McGeorge's Camping World RV Sales - Ashland. The subject camper has remained in the McGeorge's Camping World RV Sales warranty service and repair facility as technicians were unable to correct the warranty defects.

{3653 / 000}

12. The subject camper was first taken in for repair at McGeorge's Camping World RV Sales - Ashland on November 14, 2022. It has remained in the repair facility more than 228 days.

13. On March 14, 2023, the Plaintiffs Mr. and Mrs. Orr communicated in writing with with the Defendant's authorized warranty and repair agent, McGeorge's Camping World RV Sales – Ashland informing it of the warranty defects.

14. Plaintiffs Mr. and Mrs. Orr have been unable to communicate with representatives from McGeorge's Camping World RV Sales – Ashland since the March 14, 2023 emails as all attempts to reach Camping World RV Sales by phone calls or emails have been ignored. These include attempts to retrieve important documents such as additional Buyer's Orders or Finance Sheets. Additionally, technicians at McGeorge's Camping World RV Sales – Ashland have refused to provide any repair orders prior to date of purchase.

## COUNT ONE - MAGNUSSON-MOSS WARRANTY ACT

15. The facts alleged in paragraph 1-14 are incorporated herein by reference.

16. Plaintiffs Mr. and Mrs. Orr are a *"consumer"* as defined in 15 U.S. Code § 2301(3). The Defendants are a supplier and warrantor as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1).

17. The Vehicle was manufactured after July 4, 1975 and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiffs as a part of the purchase as those warranties meet the definition of written

{3653 / 000}

warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively

18. The Limited Warranty has failed its essential purpose and the Defendants have violated the Act due to the inability to repair or replace the nonconformities within a reasonable time and have refused to provide the Plaintiffs with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

19. The Defendants have also breached the implied Warranty of Merchantability since the vehicle in view of the nonconformities that exist, and the Defendants inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

20. As a proximate result of the Defendants' violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiffs have been damaged for which the Defendant is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

## COUNT TWO
## VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT

21. Paragraphs 1-11 are re-pled herein by reference.

22. The Virginia Consumer Protection Act Virginia Code §59.1-196 et seq. was enacted as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public. Fraudulent acts or practices committed by a supplier in connection with a consumer transaction are unlawful. The Plaintiffs are consumers as defined by the Act. The Defendants are suppliers as defined by the Act. Defendants Keystone RV Company and Camping World RV Sales, LLC, have violated the Act by concealing the repair orders applicable to the Plaintiff's camper, in spite of repeated and amicable demand. This

deception and unethical conduct violates the Consumer Protection Act, including but not limited to §59.1-200 (A)(14). The Plaintiffs are damaged by being limited in the ability to prove their case, making Defendants liable for all damages alleged in this lawsuit that would otherwise be recovered, that is $125,654.32. The violations of the Defendants and willful, justifying the imposition of treble damages.

23. The Defendants have also violated VCPA §59.1-200 (A)(8) by falsely maintaining the camper would be fit for its reasonable intended purpose, and violated §59.1-200 (A)(10) by misrepresenting that repairs, alterations, modifications, or services had been done when they had not.

24. Plaintiffs move the Court for Judgement against the Defendants for the full cost of the camper $125,654.32 all incidental and consequential damages, interest, treble damages for willful violation of the Virginia Consumer Protection Act, for a total of $376,962.96 plus incidental and consequential damages, emotional upset, anxiety, embarrassment, plus reasonable attorney fees in the amount of $550 per hour, or one-third of the amount recovered; whichever of the two is greater.

WHEREFORE, Plantiffs Andrew M. Orr and Lori A. Orr move the Court for judgement against Defendant Keystone RV Company in the amount of the purchase price of their vehicle, $125,654.32, as well as all incidental costs, compensation in the amount of $50,000 for inconvenience and loss of use, interest payments, treble damages in the amount of $376,962.96 for willful violation of the Consumer Protection Act, reasonable

attorney fees in the amount of $550 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-Judgement interest running from the date of the first repair attempt, post-Judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

Andrew M. Orr
Lori A. Orr

By: _____
Of Counsel

James B. Feinman, Esq. (VSB #28125)
James B. Feinman & Associates
P. O. Box 697
Lynchburg, Virginia 24505
(434) 846-7603 (Phone)
(434) 846-0158 (Fax)
jb@jfeinman.com

{3653 / 000}