IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW M. ORR, *et al.*,        )
                                )
            Plaintiffs,         )
                                )
v.                              )        Civil Action No. 3:23-cv-815–HEH
                                )
KEYSTONE RV COMPANY, *et al.*,  )
                                )
            Defendants.         )

**MEMORANDUM OPINION**
**(Granting Defendant's Motion for Default and**
**Denying Plaintiffs' Motion for Leave)**

THIS MATTER is before the Court on Defendant Camping World RV Sales,

LLC's ("Camping World") Application for Default Judgment (the "Motion for Default,"

ECF No. 48), filed on January 29, 2024. On August 21, 2023, Plaintiffs Andrew M. Orr

and Lori A. Orr (collectively, "Plaintiffs") filed their Complaint (ECF No. 1) against

Keystone RV Company ("Keystone") and Camping World (collectively, "Defendants"),

alleging breaches of the Magnuson-Moss Warranty Act ("MMWA") and the Virginia

Consumer Protection Act ("VCPA"). (*Id.* ¶¶ 15–24.)

Camping World filed an Answer and Counterclaim (the "Counterclaim," ECF

No. 25) on October 6, 2023. Plaintiffs did not respond to the Counterclaim and the Clerk

of Court entered default against Plaintiffs on November 15, 2023. (Entry of Default at 1,

ECF No. 42.) Defendants subsequently filed their Motion for Default Judgment (ECF

No. 48) on January 29, 2024. On February 13, 2024, Plaintiffs filed a Motion for Leave

to File Answer and/or Affirmative Defenses to Counterclaim for Declaratory Judgment (the "Motion for Leave," ECF No. 55). The Court heard oral argument at a hearing on June 10, 2024, where it granted the Motion for Default for the reasons that follow. The Court will also deny Plaintiffs' Motion for Leave.

## I. BACKGROUND

On September 9, 2022, Plaintiffs purchased a 2022 Keystone Montana 3791RD camper van from Camping World for $125,654.32. (Compl. ¶ 4.) At the time of purchase, Plaintiffs signed a Purchase Agreement (ECF No. 22-1) with Camping World. The Purchase Agreement contained a warranty disclaimer, limitation of remedies, and a fee shifting provision. (*Id.* ¶¶ 10, 15.) The camper came with a one-year limited base warranty and a three-year structural warranty, provided by Keystone. (Compl. ¶ 5.)

On November 14, 2022, Plaintiffs took the camper to Camping World for repairs, and forty-four (44) separate warrantied defects were identified. (*Id.* ¶¶ 7, 10.) Despite multiple attempts over 228 days, Camping World was unable to repair the issues and the camper remained at the repair facility. (*Id.* ¶¶ 8–12.) On March 14, 2023, Plaintiffs informed Camping World, in writing, of the warranty defects. (*Id.* ¶ 13.) Since then they have been unable to communicate with Camping World because "all attempts to reach Camping World [] by phone calls or emails have been ignored." (*Id.* ¶ 14.) Camping World refused to provide Plaintiffs with copies of "Buyer's Orders [,] Finance Sheets[,] . . . [and] repair orders prior to [the] date of purchase." (*Id.*) Based on these facts, on August 23, 2023, Plaintiffs brought the following claims against Defendants: Breach of

2

Express and Implied Warranties under the MMWA (Count I); and Violation of the VCPA (Count II). (*Id.* ¶¶ 15–24.)[1]

## II. ANALYSIS

### A. Plaintiffs' Motion for Leave

The Court first addresses Plaintiffs' Motion for Leave. Plaintiffs ask the Court to set aside the Clerk's entry of default and allow them to file a late Answer. (Pls.' Mem. in Supp. ¶¶ 5–8, ECF No. 56.) In their Motion for Leave, Plaintiffs cite the applicable standards for both an extension of time under Rule 6(b) and setting aside an entry of default pursuant to Rule 55(c). (*Id.* ¶¶ 5–6.) Though Plaintiffs cite both standards, the higher Rule 55(c) standard for setting aside an entry of default controls. *See Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, No. 2:16-cv-639, 2017 WL 11509751, at *1 (E.D. Va. Sept. 19, 2017) ("[T]he legal standard that ultimately controls in the context of competing motions for leave to file a late answer and a motion seeking entry of default judgment is the standard applicable to motions to set aside entry of default.").

Pursuant to Rule 55(a), the clerk *must* enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). The party

---

[1] Since the filing of the Motion for Default and the Motion for Leave, Plaintiffs have filed an Amended Complaint (ECF No. 65). However, the differences between the original Complaint and the Amended Complaint do not affect the disposition of the motions at hand.

seeking default judgment must then "apply to the court for a default judgment." *Id.*
at 55(b)(2).

A court may set aside an entry of default upon a finding of "good cause." *Id.*
at 55(c). A district court should consider six (6) factors when determining whether the
movant has good cause: "[(1)] whether the moving party has a meritorious defense, [(2)]
whether it acts with reasonable promptness, [(3)] the personal responsibility of the
defaulting party, [(4)] the prejudice to the party, [(5)] whether there is a history of
dilatory action, and [(6)] the availability of sanctions less drastic." *Payne v. Brake*, 439
F.3d 198, 204–05 (4th Cir. 2006). Although none of these factors alone are
determinative, "[i]n the Fourth Circuit, the 'meritorious defense' and 'reasonable
promptness' factors are given the most weight." *Burton v. The TJX Cos., Inc.*, No. 3:07-
cv-760, 2008 WL 1944033, at \*2 (E.D. Va. May 1, 2008) (citing *Consol. Masonry &
Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).
Accordingly, the Court focuses the majority of its analysis on the "meritorious defense"
and "reasonable promptness" factors.

First, Plaintiffs argue that their positions are meritorious and that their delay does
not prejudice Camping World because they are at an early stage in the proceedings.
(Pls.' Mem. in Supp. ¶¶ 9–11.) Plaintiffs also rely on a case in the Norfolk Division of
the Eastern District of Virginia, *Harrell v. Jaguar Land Rover Motor North America,
LLC*, No. 2:23-cv-241, 2023 WL 8788955 (E.D. Va. Dec. 19, 2023), in which Plaintiffs'
counsel also represented the plaintiff there. (*Id.* ¶ 12.) In *Harrell*, the district court set

4

aside an entry of default despite a delay in defendant's response to the complaint. (*See id.* ¶ 12 (citing *Harrell*, 2023 WL 8788955 at *2–5).)

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The burden for proffering a meritorious defense is not onerous, but the defenses must 'allege [ ] specific facts beyond simple denials or conclusionary statements.'" *Pinpoint IT Serv., L.L.C. v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 724 (E.D. Va. 2011) (quoting *United States v. $55,518 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

In *Harrell*, the district court found that the defendant presented a meritorious defense by alleging numerous facts in defense and proffering evidence to support these assertions. 2023 WL 8788955, at *3. In stark contrast, Plaintiffs do not provide a single defense to Defendant's Counterclaim. Instead, they state that Plaintiffs have "meritorious positions in this case which, if necessary, should be fully litigated." (Pls.' Mem. in Supp. ¶ 10.) This statement is a legal conclusion that provides no facts demonstrating a meritorious defense. Thus, Plaintiffs have not provided a meritorious defense and this factor weighs against setting aside the entry of default.

The second factor is the reasonable promptness of the response to the complaint. "Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727. The

5

district court in *Harrell* found that the delay was "inadvertent" and "reasonable," as it was largely due to external issues with the delivery of the complaint. 2023 WL 8788955, at *4. There are several distinctions between *Harrell* and the case at hand. First, Plaintiffs' reason for delay here is the "simple oversight" of counsel missing the filing of the Counterclaim. (Pls.' Mem. in Supp. ¶¶ 2, 9.) Second, Plaintiffs here were already involved in the case. They filed the Complaint, along with responses to Defendants' Motions to Dismiss. This is different from the situation in *Harrell*, where the delay was caused by a lack of notice. Finally, the delay in *Harrell* was only forty-seven (47) days, while the delay here was 109 days.[2] (*See* Pls.' Mem. in Supp. ¶¶ 2, 9.) These differences set the cases apart and demonstrate the egregiousness of Plaintiffs' failure to respond.

"'[C]ourts routinely look at other courts' decisions to determine whether a delay is reasonable,' and '[d]istrict courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside.'" *Red Light Mgmt., Inc. v. Dalton*, 315 F.R.D. 65, 72 (W.D. Va. 2016) (citing *Burton*, 2008 WL 1944033, at *3); *see also Harrell*, 2023 WL 8788955, at *4 (finding a delay of forty-seven (47) days reasonably prompt); *c.f. Consol. Masonry*, 383 F.2d at 251 (finding that a seventy-four (74) day

---

[2] When determining the length of a delay under Rule 55(c), the Court should consider the time between the date the response is due, and the date that it is actually received. Plaintiffs state that there was a 160-day delay in the *Harrell* case. (Pls.' Mem. in Supp. ¶ 12.) However, this calculation is incorrect, as it reflects the amount of time between service of process and the district court's opinion. The actual amount of time between when the defendant's response was due in *Harrell* and when the defendant filed its motion for leave to file a late answer was forty-seven (47) days.

delay was not reasonably prompt). A delay of 109 days is an outlier, when compared to the decisions of other courts in the Fourth Circuit. Accordingly, Plaintiffs' filing was not reasonably prompt, and the second *Payne* factor weighs against granting their Motion for Leave.

The third factor favors Plaintiffs, as they are not personally responsible for the delay in filing. (*See* Pls.' Mem. in Supp. ¶ 10.) Conversely, the fourth factor of prejudicial effect disfavors Plaintiffs. When analyzing the prejudice caused by the delay, courts should consider "(1) whether the delay made it impossible for the aggrieved party to present certain evidence; (2) whether the delay hampered the non-defaulting party's ability to proceed with trial; (3) whether the delay impaired the non-defaulting party's ability to complete discovery; and (4) whether the delay was used by the defaulting party to commit a fraud." *Red Light Mgmt., Inc.*, 315 F.R.D. at 72 (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952–53 (4th Cir. 1987); *Burton*, 2008 WL 1944033, at *4). However, courts have also found that prejudice exists when additional expenses are incurred due to the cost of litigation, as is the case here. *See B2Gold v. Christopher*, No. 1:18-cv-1202, 2020 WL 2846633, at *3 (E.D. Va. May 28, 2020); *Constr. Eng'g Consultants, Inc. v. Steel Sols., Inc.*, No. 4:08-cv-86, 2009 WL 10733733, at *21 (E.D. Va. May 13, 2009). Camping World argues that it suffers prejudice from this delay because it has led to increased expenses in litigating the matter. (Camping World's Opp'n at 6–7, ECF No. 60.) The Court agrees that Camping World has been prejudiced by the increased costs, and this factor weighs in favor of Camping World.

7

In evaluating the fifth factor, the Court looks to whether Plaintiffs have a "history of dilatory action." *See Payne*, 439 F.3d at 204. Here, Plaintiffs not only failed to file a timely action, they also failed to respond to two (2) requests for entry of default judgment and the Clerk's entry of default. Further, Plaintiffs' response to Defendant's Motion for Default Judgment was itself a day late. (*See* ECF No. 55.) However, because these delays occurred in the early stages of this case, the Court finds that it renders this factor neutral.

Finally, the Court examines the availability of less drastic sanctions. Had Plaintiffs responded to the entry of default sooner, less drastic sanctions may have been appropriate. However, Plaintiffs filed their Motion for Leave almost three (3) months after the Clerk entered default and, as discussed above, Plaintiffs proffer no reasonable defenses or arguments for the delay. Thus, the Court finds that denying Plantiffs' Motion for Leave is appropriate here. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 96 (4th Cir. 1997) ("District courts must be allowed sufficient disciplinary authority to control their dockets. Without the ability to exact significant penalties when parties ignore court orders, district courts would be left with nothing but hollow threats of dismissal.").

Based on the evaluation of the *Payne* standards, the Court finds that Plaintiffs have not shown good cause to warrant the setting aside of default pursuant to Rule 55(c). Accordingly, Plaintiffs' Motion for Leave will be denied.

### B. Defendant's Application for Default Judgment

"Federal Rule of Civil Procedure 55 outlines a two-step process for default

8

judgment—first, the entry of default by the clerk, and second, the entry of default judgment by the clerk (if for a sum certain) or by the court (in all other cases)." *J & J Sports Prods., Inc. v. Brutti's LLC*, No. 2:14-cv-269, 2014 WL 7363823, at *4 (E.D. Va. Dec. 23, 2014). Here, the first step has already been satisfied, as the Clerk entered default on November 15, 2023. (Entry of Default at 1.) Thus, the Court will proceed to consider whether default judgment is appropriate.

A party in default concedes the factual allegations of the complaint, but default is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.* To determine whether a claim is well-pleaded, it is appropriate to apply the pleading standard established in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See United States v. Ulysses S. Martin, Jr., DDS, PC*, No. GJH-19-1641, 2019 WL 6618662, at *2 (D. Md. Dec. 5, 2019); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). In determining whether allegations are plausible, the reviewing

9

court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

In its Counterclaim, Camping World asks the Court to issue declaratory judgment regarding the interpretation of the Purchase Agreement. (Counterclaim ¶¶ 13–19.) Paragraph 15 of the Purchase Agreement states:

> 15. **CHOICE OF LAW AND VENUE, FEES**. . . . If [Camping World] brings a legal action to enforce or interpret this Agreement and prevails, [Plaintiffs] shall pay [Camping World's] reasonable attorneys' fees and costs incurred in such action. If [Plaintiffs] bring an action based on this Agreement and do[] not prevail, [Plaintiffs] shall pay [Camping World's] reasonable attorneys' fees and costs incurred in the defense of such action thereof.

(Purchase Agreement ¶ 15.)  Camping World asks the Court to declare that the Purchase Agreement requires Plaintiffs to pay Camping World's attorneys fees incurred from litigating the Counterclaim and Plaintiffs' claims if Camping World prevails. (Counterclaim at 11–12.)  Based on Camping World's allegations and the Purchase Agreement language provided, Camping World has adequately alleged its claim.

Contract interpretation is a question of law. *Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc.*, 662 S.E.2d 77, 80 (Va. 2008). "It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract." *Wilson v. Holyfield*, 313 S.E.2d 396, 398 (Va. 1984) (quoting *Meade v. Wallen*, 311 S.E.2d 103, 104 (Va. 1984); *Magann Corp. v. Elec. Works*, 123 S.E.2d 377, 381 (Va. 1962)).  If the terms within a contract are "clear" and "unambiguous" the contract should

be construed based on its plain meaning. *Palmer & Palmer*, 662 S.E.2d at 80.

The language in the Purchase Agreement is consistent with a fee-shifting provision. It states in clear terms that, if Plaintiffs bring a legal action against Camping World that stems from the Purchase Agreement, they would be responsible for the "reasonable attorneys' fees and costs" of Camping World if they do not prevail. (Purchase Agreement ¶ 15.) Agreements like these are common, and such provisions are valid and enforceable in Virginia. *See Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 730 F. Supp. 2d 513, 518 (E.D. Va. 2010) (citing *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (Va. 1991)); *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006) ("[P]arties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract."). Thus, Camping World's claim is not barred by law.

For these reasons, the Court will grant Camping World's Motion for Default. Because the Counterclaim is a "legal action to enforce . . . [the Purchase] [A]greement," Plaintiffs will be responsible for Camping World's reasonable attorneys' fees and costs associated with its litigation. (*Id.*) Plaintiffs will also be responsible for Camping World's reasonable attorneys' fees and costs for any claims in which they do not prevail.

## V.  CONCLUSION

Defendant's Motion for Default (ECF No. 48) will be granted and, accordingly, Plaintiffs' Motion for Leave (ECF No. 55) will be denied.  An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Sept. 4, 2024
Richmond, VA

12