IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW M. ORR, *et al.*,        )
                                )
            Plaintiffs,         )
                                )
v.                              )   Civil Action No. 3:23-cv-815-HEH
                                )
KEYSTONE RV COMPANY, *et al.*,  )
                                )
            Defendants.         )

**MEMORANDUM OPINION**
(Denying Plaintiffs' Motion to Alter Judgment and
Motion to File Proposed Second Amended Complaint)

THIS MATTER is before the Court on Plaintiffs Andrew M. Orr and Lori A. Orr's (collectively, "Plaintiffs") Motion to File Proposed Second Amended Complaint Pursuant to FRCP 15 (the "Motion to Amend Complaint," ECF No. 66) and Motion to Alter or Amend Judgment Pursuant to FRCP 59(e) (the "Motion to Alter Judgment," ECF No. 68), filed on June 23, 2024. Plaintiffs ask the Court to alter its judgment dismissing their Virginia Consumer Protection Act claim and to grant them leave to file a second amended complaint. (Mot. to Am. Compl. at 1; Mot. to Alter J. at 1.) The parties have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. R. 7(J). For the following reasons, the Court will deny the motions.

## I. BACKGROUND

In their original Complaint, Plaintiffs brought the following two claims against Defendants: breach of express and implied warranties under the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.* (Count I); and violation of several subsections of the Virginia Consumer Protection Act ("VCPA"), Virginia Code § 59.1-196 *et seq.* (Count II). (Compl. ¶¶ 15–24, ECF No. 1.) Defendants Keystone RV Company ("Keystone") and Camping World RV Sales, LLC ("Camping World") (collectively, "Defendants") filed Motions to Dismiss (ECF Nos. 13, 21) on September 29, 2023, and October 6, 2023, respectively. The Court heard oral argument on February 12, 2024, and granted the Motions to Dismiss in its June 7, 2024 Order ("June 7 Order," ECF No. 63) with an accompanying Memorandum Opinion (ECF No. 62). The June 7 Order granted Plaintiffs leave to amend their MMWA claim but dismissed their VCPA claim with prejudice. (June 7 Order at 1.)

Subsequently, Plaintiffs filed an Amended Complaint. ("First Amended Complaint," ECF No. 65.) On the same day, Plaintiffs filed the two motions that are presently before the Court, the Motion to Amend Complaint and the Motion to Alter Judgment. (ECF Nos. 66, 68.) The First Amended Complaint alleges the following facts: On September 9, 2022, Plaintiffs saw a 2022 Montana 3791RD camper at an expo held by Camping World. (Am. Compl. ¶¶ 4, 6.) Plaintiffs liked the camper, and Camping World employees told Plaintiffs that they could buy a new model identical to the one on display. (*Id.*) Plaintiffs agreed to buy the camper, and signed a Buyer's Order

2

(ECF No. 65-1) with Camping World that listed the price of the vehicle as $125,654.32. The Buyer's Order contained a number of warranty disclaimers and language specifying that the buyers were not relying on any verbal communications. (*Id.*) The Buyer's Order also stated that the vehicle was new, that it was being sold as-is, and that the vehicle may have been used in previous demos or shows. (*Id.*) The camper came with a one-year limited base warranty and a three-year structural warranty, provided by Keystone. (Am. Compl. ¶ 4.) On September 16, 2022, one week after the purchase, Plaintiffs went to Camping World to inspect the camper and noted several defects. (*Id.* ¶ 7.) Camping World employees told Plaintiffs to take the camper home, inspect it and note any defects, and then bring the camper in for repairs in sixty (60) days. (*Id.*) The employees stated that Camping World would fix all warranty defects. (*Id.*)

On November 14, 2022, Plaintiffs took the camper to Camping World for repairs, and forty-four (44) separate warrantied defects were identified. (Am Compl. ¶ 9.) On January 20, 2023, Camping World gave Plaintiffs a document showing that of the defects that Plaintiffs identified, twenty-six (26) had not been repaired. (*Id.* ¶ 10.) The document also indicated that three (3) of the defects were caused by previous work on the vehicle. (*Id.* ¶ 11.) Plaintiffs were not told that any repairs had been performed on the vehicle before they purchased it. (*Id.* ¶ 12.)

On January 23, 2023, Camping World's Service Manager told Plaintiffs that

Keystone only approved eleven (11) of the forty-four (44) repairs.[1] (*Id.* ¶ 14.) Plaintiffs attempted to negotiate with Defendants to ensure that all the repairs were completed, but to no avail. (*Id.* ¶ 15.) On February 25, 2023, Plaintiffs orally informed Camping World that they were revoking their acceptance of the camper and requesting a new camper. (*Id.*) After this, Camping World stopped corresponding with Plaintiffs. (*Id.* ¶ 16.) On March 17, 2023, Plaintiffs informed Camping World in writing that they did not authorize further repairs on the camper because they sought to revoke acceptance. (*Id.*)

Based upon these facts, the First Amended Complaint raises one count: an MMWA claim. (First Am. Compl. ¶¶ 18–24.) Attached to their Motion to Amend Complaint, Plaintiffs propose a second Amended Complaint. ("Second Amended Complaint," ECF 66-1.) Although the facts alleged in the two complaints are the same, the Second Amended Complaint brings not just the same MMWA count, but also a second count based on the VCPA. While Plaintiffs' VCPA claim in the original Complaint was based on §§ 59.1-200(A)(8), (10), and (14), that claim was dismissed with prejudice. (June 7 Order at 1.) Plaintiffs' new VCPA count in the Second Amended Complaint is based on subsections (6) and (7) in addition to subsection (14). (*See* Second Am. Compl. ¶ 26.) Plaintiffs also ask the Court to change its decision in its June 7 Order from a dismissal with prejudice to a dismissal *without prejudice* so that they can bring

---

[1] From the text of the First Amended Complaint, it appears that while Camping Word actually repaired eighteen (18) of the defects, Keystone only approved eleven (11) of the warranty defect job orders. (Am. Compl. ¶10, 12–14.)

4

this new VCPA claim. (Mot. to Alter J.) Finally, if the previous ruling of the Court to dismiss Plaintiffs' original VCPA claim with prejudice was a final judgment, Plaintiffs ask this Court to amend that judgment under Rule 59(e).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court of Appeals for the Fourth Circuit has, however, explained, "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). A motion to amend can also be denied on grounds of bad faith or prejudice to the defendant. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). "Whether a complaint fails to state a claim, and, thus, amendment would be futile is analyzed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Raub v. Campbell*, No. 3:13-cv-328-HEH, 2014 WL 130974, at *2 (E.D. Va. Jan. 14, 2014).

Pursuant to Rule 12(b)(6), a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Iqbal*,

5

556 U.S. at 678). "When 'alleging fraud or mistake,' however, a plaintiff must not only meet 'the plausibility standard of' Rule 8, but also satisfy the heightened pleading standard of Rule 9(b)." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)); Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 54(b) authorizes district courts to reconsider or revise interlocutory orders before final judgment. Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."); *see Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). The power to reconsider an interlocutory order "is committed to the discretion of the district court." *Id.* at 515.

The Fourth Circuit has clarified that "a district court may revisit a previous interlocutory ruling only in 'circumstances in which it may depart from the law of the case.'" *Phoenix v. Amonette*, 95 F.4th 852, 856 (4th Cir. 2024) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Under that standard, a court may reconsider a previous ruling based upon: "(1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson*, 856 F.3d at 325 (quoting *Am. Canoe Ass'n*, 326 F.3d at 515).

6

"Mere disagreement with a court's application of the law does not support a motion for reconsideration." *Tederick v. Loancare, LLC*, No. 2:22-CV-394, 2024 WL 3607442, at *1 (E.D. Va. July 30, 2024). As the Fourth Circuit Court has stated, "To be sure, allowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022).

### III. ANALYSIS

In its June 7 Order, the Court dismissed Plaintiffs' previous VCPA claim with prejudice. Plaintiffs now move the Court to reconsider that ruling and to grant them leave to file their Second Amended Complaint. (ECF No. 67, 69.) Plaintiffs argue that not allowing them to file the VCPA claim in their Second Amended Complaint would cause manifest injustice and constitute legal error. (*Id.* at 6–7.)

For a party to show that a Court's prior decision was a "clear error or manifest injustice," that party must demonstrate that the Court was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify for this third exception by being just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.") (alteration in original) (internal quotation marks omitted). "In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re D.C. Diamond Corp.*, No. 1:19-CV-463, 2020 WL 13605457, at *2 (E.D. Va. Mar. 16, 2020), *aff'd*, 816 F. App'x 873 (4th Cir. 2020). Although manifest injustice and clear legal error are grounds upon which a

7

court can reconsider its earlier ruling, Plaintiffs have not pointed to any such error in this case. Plaintiffs cite no authority or clear rationale for their statement that prohibiting them from refiling their VCPA claim "would cause manifest injustice and constitute legal error." (ECF 69 at 1–3.) The law-of-the-case doctrine provides that in the interest of finality, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Carlson*, 856 F.3d at 325 (quoting *TFWS, Inc.*, 572 F.3d at 191). Under these circumstances, Plaintiffs have presented no persuasive reason for the Court to overturn its previous ruling that dismissed their VCPA claim with prejudice.

Furthermore, as was the case for their original Complaint, the VCPA claim that Plaintiffs bring in their Second Amended Complaint falls short as a matter of law. The VCPA makes it unlawful for any supplier in connection with a consumer transaction to commit the "fraudulent acts or practices ... [of] advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, [etc.,] without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, [etc.]" *See* Virginia Code § 59.1-200(A)(7). In the Memorandum Opinion accompanying the Court's June 7 Order, the Court explained that because VCPA claims allege fraud they are subject to a heightened pleading standard under Rule 9(b). (Mem. Op. at 10–11 (quoting *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013)).) Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud

8

or mistake." (*Id.*) "To satisfy the heightened pleading standard of Rule 9(b), a plaintiff must state with particularity 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Fravel*, 973 F. Supp. 2d at 656 (quoting *Beasley v. FV–I, Inc.*, 1:13–CV–116, 2013 WL 1192018, at *3 (E.D. Va. Mar. 21, 2013)).

Here, Plaintiffs have not pled their new VCPA claim with sufficient particularity to overcome the heightened pleading requirements of Rule 9(b). Plaintiffs have not pled that Defendants or their employees knew about the alleged blemishes before the vehicle was purchased. According to the facts alleged in the proposed Complaint, the blemishes were discovered by Plaintiffs after the vehicle was sold. (Second Am. Compl. ¶ 7–11.) Specifically, the proposed Complaint alleges that Plaintiffs found several defects in the vehicle when they inspected it on September 16, 2022—one week after they signed the Buyer's Order. (*Id.*) Plaintiffs discovered other defects after they took the vehicle home. (*Id.*) The Second Amendment Complaint does allege that sometime between November 14, 2022, and January 20, 2023, Camping Word employees determined that three of the alleged defects were due to previous work on the vehicle. (*Id.*) However, the proposed Complaint does not state or explain who performed that work, and the discovery of those previous repairs—according to the facts in the Second Amended Complaint—occurred over two months after the Plaintiffs purchased the vehicle. (*Id.*) In short, Plaintiffs have not alleged that either of the two Defendants knew that there was a blemish in the vehicle at the time that it was sold. "Where a seller does not know that its product is blemished,

9

the seller can not seek to deceive by failing to disclose the blemished condition." *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F. Supp. 2d 535, 557 (E.D. Va. 2001).

Furthermore, Plaintiffs cannot rely on the conclusory statements in their proposed Complaint. For example, under Count II of their Second Amended Complaint, Plaintiffs state:

> Defendants Camping World, the apparent agent of Keystone RV Company, and Defendant Keystone RV have violated the Act by violating Va. Code §59.1-200(A)(7) by selling *"blemished, deteriorated, and/or reconditioned* [goods] *without clearly and unequivocally indicating…that the goods are used, secondhand, defective, blemished, deteriorated and/or reconditioned."* This deception and unethical conduct violates the Consumer Protection Act, including but not limited to §59.1-200(A)(6)(7) and (14).

(Second Am. Compl. ¶ 26 (emphasis and alterations in original).) On their own, conclusory assertions like these are inadequate. *See United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 193 (4th Cir. 2022). As the Supreme Court of the United States has repeatedly held, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. For all these reasons, Plaintiffs' Second Amended Complaint falls short of the heightened pleading standard under Rule 9(b), and therefore the proposed amendment is futile. *See Pfizer Inc. v. Teva Pharms. USA, Inc.*, 803 F. Supp. 2d 459, 461 (E.D. Va. 2011) (stating that if the party seeking amendment to add a claim fails to meet the requirements of Rule 9(b), the amendment must be denied as futile) (citing *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed.Cir.2009)).

10

In addition to futility, "the district court may deny leave to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of the amendment." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022). Dilatory motive sufficient to deny a motion for leave to amend a complaint may be present "where a party has ample time to amend a pleading before a court takes dispositive action and fails to do so." *See Williams v. Savage*, 569 F. Supp. 2d 99, 107–08 (D.D.C. 2008).

Defendants argue that Plaintiffs were on notice of the deficiencies in their Complaint for eight (8) months, and yet failed to make any amendments or otherwise indicate their intention to add new facts and a new VCPA claim. (ECF No. 70 at 9–13). Defendants also argue that Plaintiffs offer no explanation for why they failed to include their new VCPA claim in the original Complaint even though that claim is based on facts, evidence, and law that Plaintiffs already knew. However, given that Plaintiffs' Motion to Amend Complaint will be denied on other grounds, the Court need not reach the question of bad faith in this particular case. For the same reason, the Court does reach Defendants' arguments that Plaintiffs' new VCPA claim is time-barred, that it does not relate back to the VCPA claim in the original Complaint, and that adding the new claim at this stage in the litigation would prejudice Defendants. (ECF No. 70 at 2–6, 10–13.)

11

As to the Motion to Alter Judgment under Rule 59(e), counsel for Plaintiffs stated that he filed the motion in "an abundance of caution" (Mem. in Supp. Mot. to Alter J., ECF No. 69 at 2) in case the Court's June 7 Order was a final judgment. The June 7 Order was not a final judgment for the purposes of Rule 59(e). The Court has not entered either final judgment or partial final judgment in this case as to Plaintiffs' VCPA claims and it has not attempted to do so. In fact, the Court has not "expressly determine[d] that there is no just reason for delay" which Rule 54 requires before the Court can enter final judgment for fewer than all claims in a case. Fed. R. Civ. P. 54. Consequently, Plaintiffs' Motion to Alter Judgment pursuant to Rule 59(e) necessarily fails because the decision that Plaintiffs seek to amend is not a final judgment as contemplated by Rule 59(e). *See Perry-Bey*, 678 F. Supp. 2d at 374 (citing Fed. R. civ. P. 54(b)). Consequently, Plaintiffs' Motion to Alter Judgment (ECF No. 68) will be denied.

## V. CONCLUSION

For all these reasons, Plaintiffs' Motion to Amend Complaint (ECF No. 66) and Motion to Alter Judgment (ECF No. 68) will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct 8, 2024
Richmond, Virginia